IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NICHOLAS TOMLIN,

    Plaintiff,

v.                                              Civil Action No. 5:07CV42
                                                                  (STAMP)
OFFICE OF LAW ENFORCEMENT TECHNOLOGY
COMMERCIALIZATION, INC. a/k/a OLETC,
a corporation,
THE WEST VIRGINIA HIGH TECHNOLOGY
CONSORTIUM FOUNDATION and
JAMES ESTEP, an individual,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND,
GRANTING PLAINTIFF'S REQUEST
FOR ATTORNEY'S FEES AND COSTS,
AND DENYING WITHOUT PREJUDICE DEFENDANT
JAMES ESTEP'S MOTION TO DISMISS AS MOOT**

I.  Background

The above-styled civil action is before this Court as a result of a notice of removal filed by defendant, The West Virginia High Technology Consortium Foundation ("WVHTCF"), in which WVHTCF asserts that federal jurisdiction is founded upon diversity of citizenship. The complaint alleges that the defendants breached both an employment agreement and a cooperative agreement with the plaintiff, that WVHTCF tortiously interfered with a business relationship of the plaintiff, and that the defendants terminated the plaintiff's employment in contravention of a substantial public policy. It is undisputed that the plaintiff, Nicholas Tomlin, is a resident of Ohio and that each of the defendants is a citizen of West Virginia.

Defendant James Estep filed a motion to dismiss the complaint to the extent that it asserts claims against him in his individual capacity. The plaintiff responded. No reply was filed. Subsequently, the plaintiff filed a motion to remand and argues that this case is not removable because all of the defendants are citizens of the state in which the action was brought (i.e. West Virginia). WVHTCF and James Estep responded and state that they have no objection to the plaintiff's motion to remand. The plaintiff filed a reply reiterating his request for remand and attorney's fees and costs.

## II. Discussion

A. Motion to Remand

Title 28, United States Code, Section 1441(b) provides that any action giving rise to federal question jurisdiction may be removed from a state court to a federal district court; however, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought."

Removal is improper in this case because the action is not based on federal question jurisdiction and the defendants are citizens of the forum state in which plaintiff originally filed this action. 28 U.S.C. § 1441(b). Consequently, this Court finds that plaintiff's motion to remand should be granted.

B.  Attorney's Fees and Costs

In addition to a remand, plaintiff asks that this Court award him the attorney's fees and costs associated with pursuing this motion. Although the defendants acknowledged that their removal of this action to federal court was improper, they did not address the plaintiff's request for attorney's fees and costs in their response to the motion to remand.

With respect to the award of attorney's fees and costs, the Fourth Circuit has found that 28 U.S.C. § 1447(c) "provides the district court with discretion to award fees when remanding a case" where it finds such awards appropriate. In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996). This Court finds that such fees and costs are appropriate in this matter. The defendants did not assert a colorable claim to removal jurisdiction in this Court. Rather, the defendants admit having overlooked the forum defendant rule set forth in 29 U.S.C. § 1441(b) when they filed the notice of removal in this case. Accordingly, this Court finds that plaintiff's request for an award of attorney's fees and costs should be granted.

### III.  Conclusion

For the reasons stated above, the plaintiff's motion to remand is GRANTED. It is further ORDERED that this action be REMANDED to the Circuit Court of Ohio County, West Virginia. Plaintiff's counsel is DIRECTED to file an affidavit of attorney's fees and costs on or before **May 21, 2007.** Any response to the affidavit

must be filed by defendants on or before **May 31, 2007**.  The motion to dismiss James Estep as a defendant in his individual/personal capacity is DENIED WITHOUT PREJUDICE AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

DATED:    May 7, 2007

>                                /s/ Frederick P. Stamp, Jr.
>                                FREDERICK P. STAMP, JR.
>                                UNITED STATES DISTRICT JUDGE